Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
ANA ORISINI

Case No.: 16-10542 (KCF)

Judge: Kathryn C. Ferguson

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  
☒ Modified/Notice Required  
☐ Motions Included  
☐ Modified/No Notice Required

Date: October 11, 2017

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: MMD    Initial Debtor: _AO_    Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a. The debtor shall pay $ __384__ per __month__ to the Chapter 13 Trustee, starting on __November 1, 2017__ for approximately __39__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

$5,054 paid to date pursuant to confirmed Plan. Debtor intends to sell Florida property, which will sell for an amount to satisfy all secured creditors of the Florida property and net general unsecured creditors $10,000.

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 8980 NW 14th Street, Plantation, Florida 33322
Proposed date for completion: January 31, 2018

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtor's Plan was confirmed by Order entered March 10, 2017. As of October, 2017, approximately 21 payments have been made.

Debtor previously entered into Consent Order with secured creditor for Florida property to be sold, and will continue making payments pursuant to the Consent Order.

2

## Part 2: Adequate Protection ☒ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1500 per Order granting |
| DOMESTIC SUPPORT OBLIGATION | | |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☐ None

☒ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| (a) Internal Revenue Service<br>(b) State of New Jersey | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | (a) $12,000<br>(b) Estimated amount of $16,500 (Debtor filed Motion to fix claim) | (a) $12,000, payable over five (5) years with interest at the rate of three (3%) percent<br>(b) $16,500, payable over five (5) years with interest at the rate of three (3%) percent |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| American Servicing Co. | South Amboy Residence | $305,000 | $416,000 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____20,030_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Lease for 1201A Union Drive, Cranbury, New Jersey | None | Residential Lease | Assumed | |

6

**Part 7:   Motions ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims
3) Priority Claims
4) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: February 1, 2017

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan was confirmed by Order entered March 10, 2017. Debtor was required to modify loans for two (2) properties owned by June 1, 2017. She was unable to do so. Trustee moved to dismiss case. | - Debtor will surrender South Amboy property<br>- Debtor now rejecting leases for South Amboy property since it is being surrendered<br>- Debtor will sell Florida property<br>- All other terms and conditions of March 10, 2017 Confirmation Order to remain in force and effect |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: October 11, 2017                   /s/ Michele M. Dudas
                                          Attorney for the Debtor

Date: October 11, 2017                   /s/ Ana Orisini
                                          Debtor

Date: _____                   _____
                                          Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: October 11, 2017

/s/ Michele M. Dudas
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: October 11, 2017

/s/ Ana Orisini
Debtor

Date: _____

_____
Joint Debtor

```
                        United States Bankruptcy Court
                              District of New Jersey
In re:                                                      Case No. 16-10542-KCF
Ana Orisini                                                 Chapter 13
         Debtor
                           CERTIFICATE OF NOTICE
District/off: 0312-3        User: admin              Page 1 of 2           Date Rcvd: Oct 16, 2017
                            Form ID: pdf901          Total Noticed: 32


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 18, 2017.
db            +Ana Orisini,    1201 Ernston Road,    South Amboy, NJ 08879-2068
cr            +Ocwen Loan Servicing LLC,    RAS Citron, LLC,    130 Clinton Road,   Suite 202,
               Fairfield, NJ 07004-2927
515941775     +1201 Ernston Road Realty, Inc.,    1201 Ernston Road,    South Amboy, NJ 08879-2068
515941776     +American Servicing Co,    PO Box 10388,    Des Moines, IA 50306-0388
515941777     +Assistant Attorney General,    Department of Justice - Tax Division,    Judiciary Center Bldg,
               555 4th Street, NW, Room 6126,    Washington, DC 20001-2733
515941778      Attorney General's Office,    State of New Jersey, Division of Law,
               Richard J. Hughes Justice Complex,    25 Market Street, PO Box 112,   Trenton, NJ 08625-0112
515972081      Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
515941779      Estate of Esther Hanze,    1201 Ernston Road,    South Amboy, NJ 08879-2068
515941780     +Federal National Mortgage Association,    3900 Wisconsin Avenue NW,   Washington, DC 20016-2806
517091944     +HSBC Bank USA, N.A. Trustee (See 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
515941784     +JCP&L,   Corporate Headquarters,    76 South Main Street,   Akron, OH 44308-1812
516018518    #+Jersey Central Power & Light,    FirstEnergy,    331 Newman Spring Road, Bldg. 3,
               Red Bank  NJ 07701-6771
515941785     +John Jay Hoffman, Acting Atty General,    State of New Jersey, Division of Law,
               Hughes Justice Complex,    25 Market Street,    Trenton, NJ 08611-2148
516162825     +Lauderdale West Community,    Association No. 1, Inc.,    Michael R. Kassower, Esq.,
               7805 SW 6th Court,    Plantation FL 33324-3203
515941786     +Maria Sanis,    237 Henry Street,    South Amboy, NJ 08879-1701
515941787     +Mercer County Clerk,    209 S Broad Street,    Trenton, NJ 08608-2403
515941788     +Middlesex Water Co.,    1500 Ronson Road,    Iselin, NJ 08830-3020
515941789     +Office of Chief Counsel,    Internal Revenue Service,   SB/Se Division Counsel,
               One Newark Center, Suite 1500,    Newark, NJ 07102-5211
515941790     +Orisini Furniture Inc.,    1201 Ernston Road,    South Amboy, NJ 08879-2068
515941791     +Rodriguez,    239 Henry Street,    South Amboy, NJ 08879-1701
516074658    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,    Department of Treasury,
               Division of Taxation,    PO Box 245,   Trenton, NJ 08695-0245)
515941793      Solex & Solex Corp,    c/o Pavliv & Rihacek, LLC,   3536 Hwy 9S,   Suite 305,   Howell, NJ 07731
515941794     +State of New Jersey,    Division of Taxation-Gross Income Tax,   50 Barrack Street,   PO Box 269,
               Trenton, NJ 08602-0269
515941796     +State of New Jersey,    Division of Taxation,   Sales & Use Tax,   PO Box 999,
               Trenton, NJ 08606-0999
515941797     +State of New Jersey Department of Labor,    Attn: Stanley A. Cooper,
               Division of Employer Accounts,    PO Box 379,   Trenton, NJ 08625-0379
515941798      The Honorable Loretta E. Lynch,    Attorney Geenral of the United States,   US Dept. of Justice,
               950 Pennsylvania Avenue, NW,   Washington, DC 20530-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Oct 16 2017 22:38:03     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 16 2017 22:38:01     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
515941783      E-mail/Text: cio.bncmail@irs.gov Oct 16 2017 22:37:35     Department of the Treasury,
               Internal Revenue Service,    PO Box 7346,   Philadelphia, PA 19101-7346
515964380     +Fax: 407-737-5634 Oct 16 2017 22:57:17     Ocwen Loan Servicing, LLC,   1661 Worthington Road,
               Suite 100,   West Palm Beach, FL 33409-6493
515952953      E-mail/Text: bnc-quantum@quantum3group.com Oct 16 2017 22:37:56
               Quantum3 Group LLC as agent for,    Comenity Bank,   PO Box 788,   Kirkland, WA 98083-0788
515941799     +E-mail/Text: usanj.njbankr@usdoj.gov Oct 16 2017 22:38:03     United States Attorney,
               for Internal Revenue Service,    970 Broad Street,   Fifth Floor,   Newark, NJ 07102-2534
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            Internal Revenue Service,    PO Box 7346,   Philadelphia, PA 19101-7346
515941782*   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court: Internal Revenue Service,   District Director,
               955 South Springfield Avenue,    PO Box 724,   Springfield, NJ 07081)
515941781*     Internal Revenue Service,    Special Procedures Branch,   Attention: Bankruptcy Section,
               P.O. Box 744,   Springfield, NJ 07081-0744
516099106*     Internal Revenue Service,    P.O. Box 7346,   Philadelphia PA 19101-7346
515941795*   ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
               TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,   Division of Taxation,   Bankruptcy Section,
               PO Box 245,   Trenton, NJ 08695-0245)
```

```
District/off: 0312-3          User: admin              Page 2 of 2                  Date Rcvd: Oct 16, 2017
                              Form ID: pdf901          Total Noticed: 32
```

```
515941792     ##Seterus,    PO Box 2008,   Grand Rapids, MI 49501-2008
                                                                                    TOTALS: 0, * 5, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 18, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 11, 2017 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Anthony   Sodono, III    on behalf of Debtor Ana   Orisini asodono@trenklawfirm.com
              Jeanette F. Frankenberg    on behalf of Creditor    Seterus Inc. as servicer for Federal National
               Mortgage Association ("Fannie Mae") cmecf@sternlav.com
              Michele M. Dudas    on behalf of Debtor Ana   Orisini mdudas@trenklawfirm.com
              Miriam   Rosenblatt    on behalf of Creditor    Ocwen Loan Servicing LLC bkyecf@rasflaw.com,
               mrosenblatt@rasflaw.com
              Patrick O. Lacsina    on behalf of Creditor    Ocwen Loan Servicing LLC bmusarra@rasnj.com,
               bkyecf@rasflaw.com,legerman@rasnj.com
                                                                                             TOTAL: 7