**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue
West Orange, New Jersey 07052
(973) 243-8600
Anthony Sodono, III
Michele M. Dudas
*Attorneys for Ana Orisini, Chapter 13 Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ANA ORISINI,<br><br>             Debtor. | Chapter 13<br><br>Case No. 16-10542 (KCF)<br><br>Hearing Date: February 14, 2018, at 9:00 a.m. |

**CERTIFICATION OF ANA ORISINI, CHAPTER 13 DEBTOR, IN FURTHER OPPOSITION TO MOTION OF CHAPTER 13 TRUSTEE TO DISMISS, OR IN THE ALTERNATIVE, FOR ENTRY OF A WAGE ORDER**

**ANA ORISINI**, of full age, hereby certifies as follows:

1. I am the Chapter 13 Debtor. I am fully familiar with the facts set forth herein and submit this Certification in further opposition to the Motion of Albert Russo, Chapter 13 Trustee, to dismiss my Chapter 13 case or, in the alternative, for a wage order ("Motion") (Docket Nos. 63 and 88). In support thereof, please consider the following:

2. I filed my Chapter 13 proceeding on January 12, 2016.

3. On March 13, 2017, an Order was entered confirming the Chapter 13 Plan, as amended ("Order") (Docket No. 51).

4. On August 24, 2017, the Trustee filed the Motion (Docket No. 63).

5. The Motion alleged that I was in default based on the several issues. My explanations are contained below.

6. First, it stated that I was in default of Plan payments. Through February 2018, I am current on all payments. Therefore, this issue has been addressed and is moot.

7. Second, the Motion also states that "the balance to complete the plan is greater than the sum of the remaining payments." As explained above, I am current with all negotiated and agreed upon payments under the Order. Moreover, I filed a Modified Plan ("Modified Plan") on October 11, 2017 (Docket No. 69), which also addressed these issues, and is explained in further detail below.

8. Third, the Motion stated that I failed to address the estimated tax claim of Jersey Central Power & Light (Claim 5). However, the claim at issue relates to the estimated claim for the State of New Jersey ("State") filed at Claim 6 (the "Claim"). On October 10, 2017, I filed a Motion objecting to and modifying the Claim ("Claim Motion") (Docket No. 67), which was returnable on November 29, 2017. The State originally agreed to enter into a Consent Order. However, on December 20, 2017, the State filed an Amended Claim which deemed the Claim Motion moot. See Claim 6-2 on the Official Claims Register.

9. Finally, the last issue is whether loan modifications for Ocwen Loan Servicing and/or Federal National Mortgage (HSBC) have taken place. I made numerous attempts, but have faced obstacles since the original debt for both properties is in the name of my mother, Esther Hanze (which I received title to pursuant to her decedent's estate).

10. Therefore, I filed the Modified Plan which provides for the following treatment of the respective properties:

    a. 8980 NW 14th Street, Plantation, Florida ("Florida Property"). Per Modified Plan, the Florida Property is to be sold. See Section 1(c).[1]

---

[1] Although the Modified Plan contemplates a proposed date for completion of January 31, 2018, a Motion to sell the Property will be returnable on March 14, 2018, and a sale is contemplated on or about March 30, 2018.

2

    b. 237 Henry Street, South Amboy, New Jersey ("New Jersey Property"). Per Modified Plan, New Jersey Property to be sold. See Section 4(e).

11. On November 28, 2017, I filed an Application to retain Coral Shore Realty as realtor to market and sell the Florida Property (Docket No. 76). By Order entered December 18, 2017, the Application was granted (Docket No. 81).

12. On November 29, 2017, my counsel appeared on the return date of the Motion and confirmation hearing for the Modified Plan. The hearing dates were adjourned until February 14, 2018.

13. As of the return date of this Motion, a Motion to sell the Florida Property will have been filed. I have negotiated a Contract of Sale for a total sale price of $170,000, which, upon information and belief, is an amount to satisfy the secured creditors, as well as other administrative and other creditors. There have also been approximately ten (10) other offers for the Florida Property, and it will be subject to higher and better offers.

14. On November 16, 2017, HSBC filed a Motion for relief from stay as it relates to the Henry Street Property ("Motion for Relief") (Docket No. 75). I did not oppose the Motion for Relief based upon the following factors: (a) the Modified Plan contemplated surrendering the New Jersey Property; (b) the lack of equity in the Henry Street Property; (c) the amount of arrears due to HSBC; and (d) my inability to refinance the debt.

15. On January 19, 2018, the Trustee filed the Supplemental Certification (Docket No. 88), which alleges that the Motion should be granted because "Creditor, HSBC (Henry Street" has obtained relief from stay by Order dated December 14, 2017and the plan cannot be completed and confirmed."

16. As set forth above, there would have been no sound legal basis to object to the Motion for Relief. Moreover, the Modified Plan contemplated the surrender of the New Jersey Property. Therefore, this should not be an additional basis to dismiss my case.

17. Based on the foregoing, it is respectfully requested that the Motion be denied in its entirety, and the Modified Plan be confirmed.

I certify that the foregoing statements made by me are true. I am aware that if any statement is willfully false, I am subject to punishment.


*/s/ Ana Orisini*
ANA ORISINI

Dated: February 7, 2018

4834-9730-8508, v. 1